**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Reyna E. Ayala Garcia,

Petitioner

v.

Warden Henderson Detention Center, et al.,

Respondents

Case No.: 2:26-cv-03304-JAD-EJY

**Order Granting Habeas Petition, Denying Motion for a Temporary Restraining Order as Moot, and Ordering Petitioner's Release**

[ECF Nos. 1, 2]

Reyna E. Ayala Garcia is an El Salvadoran citizen who came to the United States around 2013. Immigration and Customs Enforcement (ICE) agents detained her on September 13, 2026, and placed her in expedited-removal proceedings under 8 U.S.C. § 1225(b)(1). She is currently detained at the Henderson Detention Center in Henderson, Nevada. Garcia seeks a writ of habeas corpus, contending that the government detained her under the wrong statutory provision because she was not detained at the border, has lived in the United States continuously for more than ten years, and thus should not be subject to expedited removal. The government doesn't respond to Garcia's habeas allegations and states only that she is detained under 8 U.S.C. § 1225(b)(2)(A) as a noncitizen subject to expedited removal.[1] Because Garcia has presented sufficient evidence that the government detained her under the wrong statutory provision, and because the government provides no response to refute this, I grant Garcia's habeas petition and

---

[1] The government cites 8 U.S.C. § 1125(b)(2)(A). ECF No. 7-2 at 3. That provision doesn't exist. The government explains that Garcia is "subject to expedited removal," so I assume it meant to cite § 1225(b)(1). But I admonish the government for this confusing response because it's unclear whether it intended to refer to § 1225(b)(1) or § 1225(b)(2). The government also refers to Garcia as "he," ECF No. 7 at 1–2, but I again assume based on the context of its responses that it's referring to Garcia.

order her immediate release. I also restrain the government from re-detaining Garcia without providing notice and a hearing before an immigration judge under 8 U.S.C. § 1226(a). Because I order Garcia's immediate release, I deny as moot her motion for a temporary restraining order.

**Background**

Petitioner Reyna E. Ayala Garcia was born in El Salvador and entered the United States around 2013 or 2014.[2] Once she entered the county, Garcia lived with her mother, then her husband, and worked in Las Vegas as a house cleaner and server.[3] On September 13, 2026, ICE agents detained Garcia, and the Department of Homeland Security (DHS) issued a Form I-860 notice and order of expedited removal.[4] The removal order states that Garcia is inadmissible under 8 U.S.C. § 1225(b)(1) as an individual arriving at the border without valid immigration documentation.[5]

Nine days after DHS issued the expedited-removal order, an immigration officer conducted a credible-fear interview and found that Garcia did not have a credible fear of returning to El Salvador.[6] Garcia told the immigration officer that she came to the United States "in 2013 or 2014."[7] Despite denying her relief, the officer confirmed that Garcia's testimony was credible.[8] DHS referred Garcia to an immigration judge (IJ) so she could appeal the officer's credible-fear determination.[9] She challenged her removal at the immigration-court

---

[2] ECF No. 1 at ¶ 18.

[3] *Id.* at ¶ 19.

[4] *Id.* at ¶ 16; ECF No. 1-4 at 35; ECF No. 7-1 at 1.

[5] ECF No. 1-4 at 35; ECF No. 7-1 at 1.

[6] ECF No. 1 at ¶ 18; ECF No. 1-4 at 16–34.

[7] ECF No. 1-4 at 20.

[8] *Id.* at 33.

[9] ECF No. 1 at ¶ 3.

hearing, arguing that she is not a noncitizen subject to § 1225(b)(1)'s expedited-removal provision.[10] But the IJ rejected her challenge to expedited removal and affirmed the negative credible-fear determination.[11] So Garcia is still subject to the September 13th expedited-removal order and cannot appeal the IJ's decision.[12]

Garcia filed this habeas petition, alleging that her detention violates the Fifth Amendment's due-process clause because she's been deprived of her liberty without constitutionally adequate process.[13] The government didn't respond to Garcia's habeas petition, but it filed evidence and interrogatories requested by the court's order, which reflect that Garcia is detained under 8 U.S.C. § 1225(b)(1).[14] Garcia filed exhibits alongside her petition to establish her continuous presence in the United States, including bank statements from a Las Vegas Wells Fargo branch dating back to 2023 and an affidavit from her husband stating that they met in Las Vegas in 2020.[15] She also filed her Salvadoran passport and identification card, which she obtained in Las Vegas in 2021 and 2025.[16] The government didn't respond to any of this evidence or provide any contrary information, so I take Garcia's representations as true.[17]

---

[10] *See id.*

[11] *Id.*

[12] *Id.* at ¶ 24; *see* 8 C.F.R. § 1003.42 (confirming that "[n]o appeal shall lie from a review of a negative fear determination made by an immigration judge," except by the Attorney General in his "sole and unreviewable discretion").

[13] ECF No. 1 at ¶ 32.

[14] ECF No. 3 (court's order requiring the government to produce Garcia's records and respond to the court's interrogatories); ECF Nos. 7, 7-1 & 7-2.

[15] *See* ECF No. 8-1; ECF No. 1 at ¶ 21.

[16] ECF No. 1 at ¶ 21; ECF No. 2-1 at 52–54.

[17] *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (holding that unraised arguments are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed habeas allegations "must be taken as true").

## Discussion

### A. This court has habeas jurisdiction over Garcia's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[18] That writ permits a person who is in custody to challenge the legality of her detention, and the court has the authority to release the petitioner if it determines that she is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[19]

Garcia warns of 8 U.S.C. § 1252's jurisdictional provisions that limit federal courts' jurisdiction over expedited-removal orders, but argues that the court retains jurisdiction under the Suspension Clause.[20] Because Garcia challenges the legality of her detention under the Fifth Amendment's due-process clause, not her expedited-removal order, jurisdiction is governed by 28 U.S.C. § 2241, which extends a writ of habeas corpus to detainees who are "in custody in violation of the Constitution or laws or treaties of the United States." So I find that 28 U.S.C. § 2241 gives the court jurisdiction over Garcia's habeas claims and I don't address her other jurisdictional arguments.[21]

---

[18] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[19] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[20] ECF No. 1 at ¶¶ 7, 28, 9

[21] *See Kirboga v. LaRose*, 819 F. Supp. 3d 1137, 1147 (S.D. Cal. 2025) (finding that the court retains jurisdiction over an expedited-removal-order case because the petitioner was asserting a due-process challenge to the lawfulness of his detention); *Garcia v. Albarran, et al.*, 2026 WL 3139500, at *2 (N.D. Cal. Oct. 20, 2026) (finding that the § 1252(a)(2)(A) didn't bar jurisdiction because petitioner challenged the government's detention authority); *Chery v. Maldonado*, 2026 WL 2566434, at *2 (E.D.N.Y. Aug. 31, 2026) ("Petitioner is challenging only the lawfulness of his detention, not the removal order itself. Thus, the Court rejects Respondents' argument that the Court lacks jurisdiction over this habeas matter." (cleaned up)).

**B. The government must release Garcia because she is not lawfully detained under 8 U.S.C. § 1225(b)(1).**

The Immigration and Nationality Act (INA) and its implementing regulations create a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1225(b) applies to applicants for admission: noncitizens "present in the United States who ha[ve] not been admitted or who arrive[] in the United States."[22] Section 1225(b)(1) governs a narrower group of individuals. To be subject to expedited removal under this provision, a noncitizen must have sought immigration status through "fraud, misrepresentation, or lack of valid documentation."[23] And under 8 U.S.C. § 1225(b)(1)(A), the noncitizen must be "arriving in the United States" or unlawfully here without being able to show that she was "physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility."[24] To avoid expedited removal, noncitizens can apply for asylum and must show a credible fear of persecution in their home country.[25] Then the government can continue detention, without expedited removal, for "further consideration of the application."[26]

ICE agents detained Garcia in Las Vegas after her release from Clark County Detention Center, so she's not an individual "arriving in the United States" under 8 U.S.C.

---

[22] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting 8 U.S.C. § 1225(a)(1)).

[23] *Id.* (citing 8 U.S.C. § 1225(b)(1)(A)(i)).

[24] 8 U.S.C. § 1225(b)(1)(A)(i)–(iii).

[25] *Rodriguez Diaz*, 53 F.4th at 1197 (citing 8 U.S.C. § 1225(b)(1)(B)(ii)).

[26] 8 U.S.C. § 1225(b)(1)(B)(ii).

§ 1225(b)(1)(A)(i).[27] The government does not dispute Garcia's statements in her habeas petition and credible-fear interview that she's been in the United States since at least 2014.[28] Her Form I-213 lists her entry date and location as unknown.[29] Garcia also provided evidence that she's been in Las Vegas for more than two years, including Wells Fargo bank statements dating back to 2023, her Salvadoran passport obtained in Las Vegas in 2021, and an affidavit from her husband that attests that they met in 2020.[30] The government doesn't respond, it offers only the conclusory statement that she's detained and subject to an expedited-removal order.[31] So I take Garcia's undisputed factual representations as true.

I find that Garcia has established that she has been in the United States continuously for more than two years, so she can't be detained under 8 U.S.C. § 1225(b)(1)(A)(iii) or subjected to expedited removal. The government thus had no legal basis to detain Garcia under § 1225(b) and has violated her due-process rights to be free from detention without lawful authority. So I grant her habeas petition. And because the government has identified no other authority for her detention, I order Garcia's immediate release.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Reyna E. Ayala Garcia's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 1] is GRANTED. Petitioner Reyna E. Ayala Garcia must be released from detention immediately.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

---

[27] ECF No. 7-1 at 5.

[28] ECF No. 1 at ¶ 18; ECF No. 1-4 at 20.

[29] ECF No. 7-1 at 5.

[30] ECF No. 8-1; ECF No. 1 at ¶ 21; ECF No. 8 at ¶¶ 4–5; ECF No. 2-1 at 52–54.

[31] ECF Nos. 7, 7-1.

(1) notice of the date, time, and location of Garcia's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Garcia's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Reyna E. Ayala Garcia for any purpose without providing Garcia notice and a hearing before an immigration judge under 8 U.S.C. § 1226(a);**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent;

IT IS FURTHER ORDERED that Reyna E. Ayala Garcia's motion for a temporary restraining order **[ECF No. 2] is DENIED as moot.**

**The Clerk of Court is directed to CLOSE THIS CASE.**

_______________________________
U.S. District Judge Jennifer A. Dorsey
November 10, 2026